**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| WILLIAM C. SPENT, JR. d/b/a | § | |
| SPENT SADDLERY & FEEDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-11-CA-306-XR |
| | § | |
| DAN GEOLFOS, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON MOTION TO TRANSFER VENUE**

On this day, the Court considered Defendant's Motion to Transfer Venue (Docket Entry No. 16).  Having considered the motion and the pleadings on file, Defendant's motion is GRANTED.

**Background**

Plaintiff, William C. Spent, Jr. doing business as Spent Saddlery & Feeds ("Spent"), filed suit against Defendant Dan Geolfos ("Geolfos") for copyright infringement and unjust enrichment.[1]

Spent's claims arise from the alleged unauthorized copying and use of a work of art owned by Spent ("Protected Work").[2]  The Protected Work depicts an equestrian event whereby a team of riders sort three head of cattle into a pen.[3]  In 1991, Spent registered the image with the United States Copyright Office.[4]

Spent alleges that he has never given Geolfos permission or consent to use the Protected

---

[1]Pl.'s Amend. Compl., April 26, 2011 (Docket Entry No. 14).

[2]*Id.* ¶ 1.

[3]*Id.* ¶ 2.

[4]*Id.* ¶ 11.

1

Work.[5]  Spent also alleges that Geolfos has used the Protected Work numerous times, and that advertisements on Geolfos's website corroborate this fact.[6]  Spent further alleges that a custom belt buckle ordered by Mike and Suzie Diver, and delivered to Alexa Dennis contained an unauthorized copy of the Protected Work.[7]

The delivery was shipped to Alexa Dennis's residence in San Antonio, Texas.[8]  Mike and Suzie Diver, who reside in Colleyville, Texas, placed the order.[9]  Aside from the Divers and Alexa Dennis, no other witnesses named in the pleadings reside in Texas.[10]  Spent, the Plaintiff, resides in Illinois,[11] and has his place of business in Oreana, Illinois.[12]  Geolfos, the Defendant, resides and is employed in Hotchkiss, Colorado.[13]

Geolfos also has an ailing wife in Colorado, who suffered a seizure and stroke in 2006.[14]  Ms. Geolfos is mentally disabled, receives Disability Social Security, and requires daily assistance.[15]

---

[5] *Id.* ¶ 17.

[6] *Id.* ¶¶ 16-17.

[7] Pl.'s Resp. to Mot. to Transfer Venue 2, Jun. 20, 2011 (Docket Entry No. 26).

[8] *Id.*

[9] Id.

[10] *See Id.* 1.

[11] Pl.'s Amend. Compl. ¶ 4, (Docket Entry No. 14).

[12] *Id.* ¶ 12.

[13] *Id.* ¶ 5.

[14] Def.'s Mot. to Transfer Venue 3, April 29, 2011 (Docket Entry No. 16).

[15] *Id.*

Mr. Geolfos is her primary care giver.[16]  Aside from appearing before this court, Geolfos has not left Colorado since 2006.[17]  Geolfos alleges that having to litigate outside of Colorado will impose unnecessary costs and hardship on him and his wife.[18]

While it is true that Geolfos denied creating "infringing product that was advertised and sold to one or more individuals in this district" on March 6, 2011, he later admitted, when deposed on June 10, 2011, that at least part of his denial was incorrect.[19]  In that deposition, he conceded: (i) that the Divers ordered the Team Penning buckle;[20] (ii) that he shipped the same buckle to Alexa Dennis;[21] and (iii) that he created the Team Penning mold "impounded in this case."[22]  Moreover, on June 22, 2011, in his Second Declaration, Geolfos went into more detail: (i) he admitted that the Divers were from Colleyville, Texas;[23] (ii) he admitted that his shipment to Alexa Dennis was to her address in San Antonio;[24] and (iii)  he admitted that the belt buckle he sent not only had the contested

---

[16]*Id.*

[17]*Id.*

[18]*Id.* 8.

[19]Deposition of Daniel Buddy Geolfos, June 10, 2011 (Docket Entry No. 26, Ex. 1-A).

[20]*Id.* 23:7-11.

[21]*Id.* 22:15-25.

[22]*Id.* 9:21-24.

[23]Second Declaration of Daniel Buddy Geolfos ¶ 3, June 22, 2011 (Docket Entry No. 29, Ex. F).

[24]*Id.* ¶¶ 7,10.

Team Penning Design,[25] but also the words "San Antonio" and "Champion."[26]

## Legal Standard

Pursuant to 28 U.S.C. § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  After determining that the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004).  The public interest factors include "(1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* However, none of these factors are given dispositive weight. *Id.*

The burden of showing "good cause" rests with the defendant under 28 U.S.C. § 1404(a), requiring him to persuade the court "that the transferee venue is clearly more convenient."  *In re Volkswagen of Am., Inc.* (*"Volkswagen II"*), 545 F.3d 304, 314 (5th Cir. 2008).  However, the burden is easier to satisfy than that for *forum non conveniens*, and a district court has broader discretion in ordering transfer under §1404(a).  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253

---

[25]*Id.* ¶¶ 3,9.

[26]*Id.* ¶ 4.

(1981).  This is because, unlike *forum non conveniens*, a change of venue maintains the same federal forum, so a defendant's burden of showing "good cause" is already enough to protect the plaintiff's choice of venue.  *Volkswagen II*, 545 F.3d at 314-15.

## Analysis

### Venue in Copyright Actions

Venue in this copyright action is also governed by 28 U.S.C. § 1400(a), which states in relevant part that "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."

In this case, 28 U.S.C. § 1400(a) is not dispositive.  Geolfos did not raise an objection to personal jurisdiction in a timely manner, so he "may be found" to have minimum contacts in the Western District of Texas.  However, Geolfos also "resides" and "may be found" in Colorado, as he is employed and has lived there for over 20 years.  Because venue is possible in either Colorado or Texas, the next question is whether Geolfos has provided "good cause" for transfer to Colorado.

### Convenience of the Parties

Plaintiff has chosen to file this action outside of his home forum.  Even in the context of *forum non conveniens,* a plaintiff's choice of forum outside of his home forum is entitled to little deference because the assumption that his chosen venue is appropriate is less founded.  *Piper Aircraft Co.* 454 U.S. at 255-56.   Plaintiff has his residence and business in Illinois, and has conceded that he will not suffer any increased costs if he is forced to litigate in Colorado instead of Texas.

Defendant, on the other hand, will suffer increased costs and hardship if he is forced to

litigate in Texas instead of near his home in Colorado.  First, Defendant will incur the direct costs of traveling to Texas.  More importantly, however, Defendant and his ailing wife will suffer the hardship and costs associated with finding an alternate care giver while Defendant is away.  Thus, this factor weighs heavily in favor of transfer.

*Convenience of the Witnesses*

In addition to the cost of attendance for witnesses, the Fifth Circuit in *Volkswagen I* also said that a district court should account for "the availability of compulsory process to secure the attendance of witnesses."  *Volkswagen I*, 371 F.3d at 203.

Though convenience of the witnesses is an important consideration, in this case, Plaintiff's named witnesses in Texas would not be needed to testify regarding disputed facts.  Defendant has already conceded that he filled the order placed by the Divers of Colleyville, Texas, for Alexa Dennis of San Antonio, Texas.  Moreover, he has conceded that the order was for a belt buckle containing the contested Team Penning design, and the words "San Antonio" "Champion"–the only distinguishing marks on the buckle.  Finally, Defendant has given the Plaintiff the mold used to make the buckle, and the invoice for the order.[27]  Plaintiff also possesses the buckle itself,[28] and the box it was shipped in.[29]  Defendant has made the argument that the Texas witnesses are thus no longer

---

[27]Def.'s Reply to Pl.'s Resp. to Mot. to Transfer Venue, June 22, 2011 (Docket Entry No. 29, Ex. D)

[28]Pl.'s Resp. to Mot. to Transfer Venue, (Docket Entry No. 26, Ex. C-2).

[29]*Id.*, (Docket Entry No. 26, Ex. C-1).

relevant to the dispute,[30] and Plaintiff has done little to rebut this claim.[31]

The Defendant, on the other hand, had claimed that two Colorado residents David Lane (his accountant) and Adam Silverstein (his website designer) will be key witnesses.[32]   But when deposed, Defendant was at a loss for what they would testify to.[33]   Thus, this factor is neutral.

*Public and Judicial Resources*

Regarding public and judicial resources, the Fifth Circuit has named three relevant criteria for comparing venues: (1) the  amount of court congestion, (2) the degree of local interest, and (3) the fairness of burdening a local jury.  *Volkswagen I*, 371 F.3d at 203.  First, the median time interval for dispositions in the Western District of Texas was 8.7 months for 2010, but was only 6.3 months for the District of Colorado.  Moreover, the San Antonio Division is short a judge, so the situation here is worsening.  Second, the local interest in this case is slightly higher in Colorado. Geolfos is a Colorado businessman, who has allegedly engaged in copyright infringement in Colorado.  Finally, placing the burden of jury duty on Colorado citizens is more equitable because the majority of Geolfos's alleged misconduct occurred in Colorado.  Thus, the Court finds that these factors weigh slightly in favor of transfer.

Moreover, the Court rejects Plaintiff's argument that a transfer will thwart "efficiency and uniformity" by having two courts decide overlapping issues.  While Plaintiff alleges that the same

---

[30]Def.'s Reply to Pl.'s Resp. to Mot. to Transfer Venue 2, (Docket Entry No. 29).

[31]Pl.'s Sur-Reply Resp. to Def.'s Mot. to Transfer Venue 2, June 28, 2011 (Docket Entry No. 30-1); *supra* p. 3.

[32]Def.'s Mot. to Transfer Venue 3, (Docket Entry No. 16).

[33]Deposition of Daniel Buddy Geolfos 16:19-17:8, 35:1-9,  (Docket Entry No. 26, Ex. 1-A).

work was infringed in this and two other cases pending in this Court, Geolfos is unrelated to the defendants in the other two cases, and the circumstances of his case and asserted defenses will be unique.  Accordingly, there is no inefficiency or possibility of inconsistent judgments.  Further, both courts are equally familiar with and competent to consider issues of copyright infringement.

*Access to Evidence*

The Fifth Circuit has specifically listed the "ease of access to sources of proof" as a chief private factor.  *Volkswagen I*, 371 F.3d at 203.  It has also said that despite technological advances, the location of sources remains a meaningful concern.  *Volkswagen II*, 545 F.3d at 316.

In this case, however, the only evidence is light and easily transportable: only five invoices, one belt buckle, and one rubber mold have been named by Plaintiff.  Moreover, if any other sources are sought in discovery, they will likely be found in Colorado, as Defendant resides and manufactures his belt buckles there.  Thus, this factor is neutral.

**Conclusion**

In sum, this case has little warrant for venue in the Western District of Texas.  All relevant considerations are either neutral or weigh in favor of a transfer to the District of Colorado.  Therefore, in accordance with 28 U.S.C. § 1404(a), Defendant's motion is GRANTED and this matter is TRANSFERRED to the United States District Court for the District of Colorado.

SIGNED this 19th day of July, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE